HEATHER E. WILLIAMS, Bar #122664
Federal Defender
JANET BATEMAN, Bar #241210
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California  93721-2226
Telephone: (559) 487-5561

Attorney for Defendant
KOU VANG

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff,*<br><br>   v.<br><br>KOU VANG,<br><br>        *Defendant.* | No. 1:12-cr-00079 LJO-1<br><br>DEFENDANT'S FORMAL OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AND SENTENCING MEMORANDUM<br><br>Date:   September 3, 2013<br>Time:   8:30 a.m.<br>Judge: Hon. Lawrence J. O'Neill |

The following are Kou Vang's formal objections to the recommended sentence in the Presentence Investigation Report ("PSR") filed in the above entitled case.

**I.   MR. VANG'S ADVISORY GUIDELINE RANGE IS A 4-10 MONTH TERM IMPRISONMENT.**

**A.  Mr. Vang qualifies for a Two-Level Reduction for Acceptance of Responsibility Under USSG § 3E1.1.**

   **i.   To plead guilty, a defendant need only admit to the elements necessary for a conviction.**

A defendant has the right under Federal Rule of Criminal Procedure 11(a)(1) to plead guilty. Before accepting a guilty plea, a court must determine that there is a factual basis for it. Fed. R. Crim. P. 11(b)(3). To plead guilty, a defendant need only admit "all of the elements of [the] formal criminal

charge." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). The United States Supreme Court and the Ninth Circuit have consistently held that a guilty plea "comprehend[s] all of the factual and legal elements necessary to sustain a binding final judgment of guilt . . . ." *United States v. Broce*, 488 U.S. 563, 569 (1989); *see also United States v. Cazares*, 121 F.3d 1241, 1246 (9th Cir. 1997); *United States v. Hunt*, 656 F.3d 906, 912 (9th Cir. 2011); *Sanchez v. Aguila-Montes de Oca*, 655 F.3d 915, 937 (9th Cir. 2011) ("we may take into account facts on which the defendant's conviction 'necessarily rested'") (abrogated on other grounds by *Descamps v. United States*, 133 S. Ct. 2276 (2013)).

### ii. The Court erred when it denied the defense's objection to the inclusion of additional, non-material factual allegations in the factual basis, thereby requiring Mr. Vang to admit to those facts in order to exercise his right to plead guilty.

In *Cazares*, the government argued that the defendant's guilty plea to the indictment conclusively proved all the factual allegations in the indictment. 121 F.3d at 1246. The Ninth Circuit explicitly rejected this argument. *Id*. at 1247. The Ninth Circuit clearly stated: "allegations not necessary to be proved for a conviction . . . are not admitted by a plea." *Id*. The rationale for this holding is that the "'effect [of a guilty plea] is the same as if [defendant] had been tried before a jury and had been found guilty on evidence covering all of the material facts.'" *Id*. (citation omitted). To accept the government's argument would have meant giving the defendant's guilty plea "greater effect" than a conviction of the same offense by a jury after trial. *Id*.

In this case, the indictment charged Mr. Vang with one count under 18 U.S.C. § 1344(1) and (2). That statute makes it a crime to "knowingly execute, or attempt[] to execute, a scheme or artifice--

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises."

18 USC § 1344. The "Manner and Means" section of the indictment alleged that Mr. Vang acquired a check from another person's account without permission, that Mr. Vang modified the check so that his name was replaced as the payee and so that the amount was changed to $1,062, and that he cashed the check at a Fresno branch bank.

Mr. Vang admits that he acquired a fraudulent check, that he knew he did not have permission from the true account holders to possess it, that he knew it was fraudulent and that it had been altered, and that he knowingly cashed it. Indeed, the government's discovery supports those alleged facts.[1] Mr. Vang's admission to those facts satisfies each of the elements necessary to satisfy a conviction under 18 U.S.C. § 1344(1) and (2).

At his change of plea hearing, defense counsel objected to the inclusion in the factual basis of his plea of the additional alleged fact that Mr. Vang *personally* altered the check. The Court initially found that without that alleged fact, there was still a factual basis to support the plea. The government countered that a defendant: (1) may come to an agreement with the government for a factual basis as part of a negotiated plea, or if not, (2) must plead to every fact alleged in the indictment. There is simply no law to support this "rule," and in fact, it is directly contrary to *McCarthy*, *Cazares*, and the other cases cited above. This Court, however, accepted the government's proposition and overruled the defense's objection. Mr. Vang was thus faced with a false choice: he could either continue with his guilty plea and admit to every factual allegation in the indictment, including those beyond the elements of the offense charged, or proceed to trial. Because Mr. Vang wished to exercise his right to plead guilty under Rule 11--because he wished to accept responsibility and to do so without delay given his pre-trial detention and relatively short sentencing guideline range--Mr. Vang elected to proceed with the change of plea.

### iii.    Mr. Vang should earn the two-point reduction for acceptance of responsibility under USSG § 3E1.1.

Mr. Vang has consistently admitted to knowingly possessing and then cashing a check that had been fraudulently altered by a third party or parties, which is conduct sufficient to meet the elements of the charged crime. He understands that he is responsible for profiting from a scheme that included check

---

[1] Mr. Vang has consistently denied that he was the person who altered the check. It is worth pointing out that the government produced over 6,000 pages of discovery for this $1,062 check fraud case, the vast majority of which has nothing to do with Mr. Vang. The evidence produced supports the factual allegations that Mr. Vang possessed and then cashed a fraudulent check. There is no evidence suggesting that Mr. Vang was the person who altered the check or that he had the technical skill, means, and opportunity to actually alter the check.

altering. He admits vicarious liability for that action. He simply denies that he was the individual who did the altering. Application Note 1(a) to USSG § 3E1.1 states that considerations for acceptance of responsibility include whether the defendant "truthfully admit[ted] the conduct comprising the offense(s) of conviction," which is precisely what Mr. Vang has done. The application note instructs that a defendant is "not required to . . . affirmatively admit [] relevant conduct beyond the offense of conviction in order to obtain a reduction." As discussed above, the actual altering of the check is beyond the offense of conviction, and Mr. Vang is not required to admit that conduct in order to obtain the reduction.

The United States Probation Officer recommends denial of the two-point reduction on the bases that Mr. Vang is "frivolously contesting" relevant conduct and that he is not entitled to the reduction simply because he pled guilty. Mr. Vang does not argue that he is entitled to the reduction as a matter of right because he pled guilty, but rather because he has in fact accepted responsibility for committing the crime charged and did so in less than three months following his indictment. To the extent that the Court determined that Mr. Vang committed other relevant conduct that he now denies, it did so only after overruling defense counsel's objection and giving Mr. Vang the false choice of proceeding to trial or admitting to every alleged fact in the indictment.[2]

Accordingly, Mr. Vang qualifies for the two-point reduction for acceptance of responsibility. Thus, his total offense level should be five, and his sentencing guideline range should be four-to-ten months of imprisonment. The Court should apply the low end of the range, as recommended by the Probation Officer, for a four-month term.

## II. A FOUR MONTH SENTENCE FOR KNOWINGLY CASHING A FRAUDULENT $1,062 CHECK IS "SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE PURPOSES SET FORTH IN" 18 U.S.C. §3553(a).

Mr. Vang has been in the throws of a methamphetamine addiction for years. His life spiraled out of control following his father's unsolved murder when Mr. Vang was a teenager. His father's death left him traumatized and adrift. He dropped out of school, soon turned to alcohol and drugs, and eventually began

---

[2] Defense counsel in turn accepts responsibility for the confusion at the change of plea hearing, and the continuing confusion throughout the PSR process. Perhaps if defense counsel had been prepared at the change of plea hearing with the law it now presents to the Court, the Court would have properly sustained Mr. Vang's objection.

Defendant's Formal Objections
and Sentencing Memorandum                         4

having contact with law enforcement.

It is clear that he committed this offense for money to support his drug habit, and it is clear that he could benefit from sustained drug treatment. His addiction has wreaked havoc on his life and his family's. However, his family does support him. His wife is struggling to care for their children, including their son who is suffering from cancer and chemotherapy treatment, and needs his help.

Mr. Vang's crime, although serious, is not a particularly aggravated offense. The fraud involved a relatively small amount of loss, indeed an amount less than many misdemeanor offenses, and he must make restitution to the victims. At the time of sentencing, Mr. Vang will have been in custody for over five months. As recommended by the Probation Officer, this Court should impose the low end of the applicable guideline range for four months, a term sufficient but not greater than necessary to achieve the purposes of sentencing.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  August 26, 2013 | HEATHER E. WILLIAMS<br>Federal Defender |
|  | /s/ *Janet Bateman*<br>JANET BATEMAN<br>Assistant Federal Defender<br>Attorneys for Defendant<br>KOU VANG |